UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                  :
FRANCIS BRACONE,                                                  :
                                                                  :
                                                                  :
                                    Plaintiff,                    :
                                                                  :          24-CV-6321 (JMF)
                    -v-                                            :
                                                                  :          MEMORANDUM OPINION
METRO-NORTH COMMUTER RAILROAD,                                    :          AND ORDER
                                                                  :
                                    Defendant.                    :
                                                                  :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Francis Bracone ("Bracone"), a sheetmetal worker, sues his employer Metro-North Commuter Railroad ("Metro-North") under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, alleging that Metro-North's negligence in failing to remedy or warn employees about a rock located near a building in one of its railway yards caused him injuries. Metro-North now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. *See* ECF No. 32; *see also* ECF No. 33 ("Def.'s Mem."). For the reasons that follow, the Court concludes that disputes of material fact preclude summary judgment. Accordingly, Metro-North's motion for summary judgment must be and is DENIED.

## BACKGROUND

The following facts are drawn from the materials submitted by the parties and — unless otherwise noted — are either undisputed or described in the light most favorable to Bracone. *See, e.g., Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

In 2019, Bracone began working for Metro-North in its Croton-Harmon railway yard. ECF No. 31 ("Def.'s SOMF"), ¶¶ 1, 3. He and other workers would end their shifts in a brick building on the railyard known as "Building 13." *Id.* ¶ 6. Outside Building 13, there is an

electrical conduit box covered by a raised, bright yellow metal cover marked "KEEP OFF" that runs along the ground. *Id.* ¶ 13. There are several rocks scattered near the conduit box. ECF No. 35 ("Pl.'s SOMF"), ¶ 33. After the end of each shift, Bracone would exit Building 13 and walk south, stepping over the yellow conduit cover on his way to the train station. *Id.* ¶ 25. Several other Metro-North employees regularly walked the same route. *Id.* ¶ 26. Although there was an asphalt walkway extending towards the other side of Building 13, Def.'s SOMF ¶ 11, Bracone was never disciplined for walking the southward route. Pl.'s SOMF ¶ 31.

On September 21, 2022, Bracone worked the midnight shift from 12:00 a.m. to 8:00 a.m. Def.'s SOMF ¶ 5. At the end of his shift, Bracone changed out of his work boots, *id.* ¶ 7, and started walking south along his usual route towards the train station to take the train home. *Id.* ¶¶ 4, 8, 10. Bracone fell and, shortly afterwards, wrote a statement that his "left ankle got twisted on a rock or electrical covers," causing him to "f[a]ll on knees [and] hands." *Id.* ¶ 18. He later testified, however, that he "stepped on a rock with his right foot," which caused him to fall. Pl.'s SOMF ¶ 32. Moreover, in photographs, Bracone identified one rock flecked with yellow paint near the conduit cover as the cause of his fall. *See id.* ¶ 34.

## LEGAL STANDARDS

In general, summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). More specifically, the Second Circuit has held that, for cases brought under FELA, "the right of the jury to pass on factual issues must be liberally construed." *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 407 (2d Cir. 1999) (internal quotation marks omitted). Accordingly, such cases "must not be dismissed at the summary

judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 828 (2d Cir. 1994).

A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## DISCUSSION

FELA mandates that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. The elements of negligence under FELA are "the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). Nevertheless, a plaintiff's burden in

establishing those elements is lighter under FELA than at common law. *Id.* Specifically, to show causation under FELA, a plaintiff need only prove that an employer's negligence "played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957). And an employer covered by FELA — as Metro-North indisputably is — has a non-delegable duty to provide a safe workplace, which is breached when it "knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 84-85 (2d Cir. 1989). "Whether the railroad used reasonable care in furnishing its employees a safe place to work is normally a question for the jury." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir. 1993). Thus, unless a reasonable juror could reach only one conclusion about "exactly what the [railroad] knew or should have known," the issue of foreseeability (*i.e.*, notice) cannot be determined on summary judgment. *Id.*

Applying these standards here, the Court cannot grant Metro-North's motion for summary judgment. Metro-North's principal argument is that Bracone cannot prove causation because he initially identified the cause of his injury as *either* "a rock or electrical covers," Def.'s SOMF ¶ 18, and admits that he did not see the rock before he fell or and did not go back to the scene of the accident to identify it, *id.* ¶¶ 14, 16. *See* Def.'s Mem. 11-13. But Bracone repeatedly and unambiguously testified that his injury was caused by stepping on a rock located near the yellow conduit cover. *See* Pl.'s SOMF ¶ 32 (citing ECF No. 32-4 ("Pl.'s Dep."), 34-35, 37-39, 44-45, 64, 67). And he subsequently identified the rock in photographs. *Id.* ¶¶ 33-34.[1]

---

[1] The Court declines Metro-North's invitation to disregard Bracone's testimony on the ground that he did not properly deny the paragraphs in its Local Civil Rule 56.1 Statement that "Bracone did not see the rock he alleges that he tripped on after he fell," Def.'s SOMF ¶ 15; and that "Bracone does not know whether he tripped on a rock or the yellow electrical conduit box cover," *id.* ¶ 19. *See* ECF No. 38, at 2-3. Bracone did fail to include citations to facts in the

Viewed in the light most favorable to Bracone, that evidence could allow a reasonable jury to conclude that Metro-North's failure to clear the rock or warn about it "played any part, even in the slightest" in causing his injury. *Rogers*, 352 U.S. at 506. *Przybylinski v. CSX Transp., Inc.*, 292 F. App'x 485 (6th Cir. 2008) (unpublished decision), upon which Metro-North relies, *see* Def.'s Mem. 11-13, does not suggest otherwise. The plaintiff there testified that she did not know which of three possible causes explained her fall. *See* 292 F. App'x at 489. Here, by contrast, Bracone identified the rock as the cause of his fall. The fact that Bracone previously said otherwise may bear on the credibility of that testimony, but the question of credibility is one for the jury to decide at trial, not for the Court to decide on summary judgment.

Metro-North also challenges Bracone's ability to prove notice, *see* Def.'s Mem. 17-18, but that challenge fares no better. A plaintiff bringing a FELA claim must offer "proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair*, 985 F.2d at 77. Bracone offers more than a "scintilla of evidence" that Metro-North had such notice. *Anderson*, 477 U.S. at 252. In his deposition, for example, Bracone testified that several other Metro-North employees walked the same route that he did both prior to and on

---

record in his denials of those paragraphs and thus violated Local Civil Rule 56.1(d), but a "district court has broad discretion to determine whether to overlook a party's failure to comply with local rules." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 n.2 (2d Cir. 2005). And the exercise of that discretion is particularly warranted "[w]here, as here, the record does not support the assertions in a Local Rule 56.1 statement." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001), *abrogated in part on other grounds*, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). The page of Bracone's deposition transcript to which Metro-North cites in support of the first paragraph says only that he did not see the rock "[*b*]*efore* [he] made th[e] step" that led to his fall. Pl.'s Dep. 38 (emphasis added). It says nothing about whether he saw the rock after. Likewise, in the pages of the transcript cited in support of the second paragraph, Bracone reads aloud the statement he wrote immediately after the accident. Pl.'s Dep. 67-68. That statement speaks only to Bracone's recollection at the time of the accident and is contradicted by several of his other statements in the deposition. *E.g.*, Pl.'s Dep. 34-35 ("I walked . . . over to the electrical conduit and then I tripped over a rock and fell.").

5

the day of the accident. *See* Pl.'s SOMF ¶ 26. Even more significant, he declares under penalty of perjury that supervisors observed him walking that route and, in fact, walked the route themselves. *Id.* ¶¶ 27, 28 (citing ECF No. 34-1, ¶ 4). Finally, he submits evidence that the rock he tripped over was flecked with yellow paint like that on the nearby electric conduit cover. *Id.* ¶ 34. Although Metro-North disputes some of these facts, the Court must assume that they are true and, construed in the light most favorable to Bracone, they could allow a reasonable jury to conclude that Metro-North had at least constructive notice of the rock. *See, e.g.*, *Caserto v. Metro-North Railroad Co.*, No. 14-CV-7936 (JMF), 2016 WL 406390, at *1 (S.D.N.Y. Feb. 2, 2016) (finding that the defendant had notice of a dangerous condition on a walkway when supervisors testified that they knew employees used the walkway and that small rocks ended up there). Metro-North argues that it lacked notice because of a "lack of prior incidents at the location, and any prior complaints," Def.'s Mem. 17-18, but that is not enough to show "an *absence* of evidence" to support Bracone's claim, *Goenaga*, 51 F.3d at 18 (emphasis added).

Finally, Metro-North also argues that (1) Bracone was contributorily negligent because he failed to use the designated walkway, failed to follow Metro-North's Safety Rules, and failed to wear his work boots, *see* Def.'s Mem. 17; and (2) it did not act unreasonably in failing to remove the rock or warn employees about it, *id.* at 15-16. As to the first argument, "contributory negligence is not a bar to recovery under FELA" and, thus, cannot be grounds for granting summary judgment. *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 160 (2007). As to the second, "[w]hether the railroad used reasonable care in furnishing its employees a safe place to work" — here, whether its failure to remove the rock or warn employees about it was unreasonable — "is normally a question for the jury." *Sinclair*, 985 F.2d at 77. Just so here. As discussed, there is evidence from which a reasonable jury could conclude that Metro-North was on notice of both

6

the rock and its employees' use of the area.  Accordingly, the Court cannot say that "there is absolutely no reasonable basis for a jury to find" that Metro-North acted unreasonably in failing to remove it or warn employees about it.  *Syverson*, 19 F.3d at 828.

### CONCLUSION

For the foregoing reasons, Metro-North's motion for summary judgment must be and is DENIED.  Unless and until the Court orders otherwise, the parties shall submit their proposed Joint Pretrial Order and associated materials (in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and Section 5 of the Court's Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman) **within thirty days of the date of this Memorandum Opinion and Order**.  *See* ECF No. 16, ¶ 14.  The parties must be prepared to go to trial as soon **as two weeks thereafter**, but the Court will promptly schedule a trial date — or at least a conference to discuss a trial date — after reviewing the parties' submissions.  That said, the Court is of the view that the parties should try to settle this case without the need for a trial.  To that end, the Court directs the parties to confer immediately about the prospect of settlement, including participation in a settlement conference before Magistrate Judge Cave (or before a mediator appointed by the Court or retained privately).  If the parties agree that a settlement conference would be appropriate, they should promptly advise the Court and seek an appropriate extension of the pretrial deadlines.

The Clerk of Court is directed to terminate ECF No. 32.

SO ORDERED.

Dated: February 3, 2026
New York, New York

JESSE M. FURMAN
United States District Judge